UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE ARON ROSS,<br><br>    Plaintiff<br><br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>    Defendants | Case No.: 2:21-cv-00630-APG-EJY<br><br>**Order Screening Second Amended Complaint and Granting in Part and Denying in Part Motion to File Third Amended Complaint** |

Plaintiff Jesse Aron Ross, who is in the custody of the Nevada Department of Corrections (NDOC), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed a First Amended Complaint, a Second Amended Complaint, and motion to file a third amended complaint with a proposed third amended complaint attached. ECF Nos. 1-1, 4, 6, 8, and 8-1. Ross paid the full filing fee for a civil action. ECF No. 10. Ross also moves on an emergency basis for an order requiring High Desert State Prison, where he is incarcerated, to allow him to clean his cell daily. ECF No. 9. Because it is not yet clear that Ross can state colorable claims for relief, I defer ruling on his motion for injunctive relief. I now address Ross's Second Amended Complaint and his motion to file a third amended complaint.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.*

§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA), requires federal courts to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent

standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF SECOND AMENDED COMPLAINT

An amended complaint entirely replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the current operative complaint is the Second Amended Complaint (ECF No. 6) and I disregard Ross's

original Complaint (ECF No. 1-1) and First Amended Complaint (ECF No. 4). If I fully grant Ross's motion to file a third amended complaint, then the third amended complaint would entirely replace the Second Amended Complaint. In both pleadings, Ross sues at least ten people for events that allegedly happened while he was incarcerated at High Desert State Prison (HDSP). *Compare* ECF No. 6 at 1–2, *with* ECF No. 8-1 at 1–3. For the reasons discussed below, I will allow Ross to file a third amended complaint, but not the one he submitted with his motion. That proposed third amended complaint does not comply with the Federal Rules of Civil Procedure. Because Ross's Second Amended Complaint also violates those rules, I dismiss it without prejudice and with leave to amend. Ross is cautioned that if he files a third amended complaint, it <u>must</u> comply with the applicable Federal Rules of Civil Procedure and pleading requirements.

To facilitate the filing of a third amended complaint in this action and complaints in other actions, I will provide Ross with guidance about some of these rules and the pleading requirements for including defendants in an action. Ross is explicitly warned that if he fails to comply with these rules when filing an amended complaint, I may dismiss this action without any further notice. And a repeated failure to comply with the rules may be deemed frivolous or malicious.

    **A. FRCP 8, 10, 18, and 20**

        **1. Rules 8 and 10**

A complaint must contain "a short and plain statement of the claim showing that [Ross] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In accordance with Rule 8, a plaintiff may not allege facts that are extraneous and not part of the factual basis for a particular claim. *See Knapp v. Hogan*, 738 F.3d

1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff says too much). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Ross clearly has not complied with Rules 8 and 10. The Second Amended Complaint is 78 pages long but Count 1 does not begin until page 55. ECF No. 6 at 55. Ross alleges very few facts in any of the counts and instead makes largely conclusory statements and refers to a very long statement of facts. This does not comply with Rules 8 and 10. The proposed Third Amended Complaint suffers from similar flaws and does not comply with these rules. *See, e.g.*, ECF No. 8-1 at 55.

### 2. Rules 18 and 20

Ross also has not complied with applicable joinder rules. A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates

from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).  Claims may <u>not</u> be joined merely because they occurred in the same prison or in the same county, the violators had the same supervisor, or the claims are based on the same type of constitutional violation, such as retaliation or allegedly cruel conditions of confinement.  Ross may <u>not</u> evade these requirements merely by baselessly adding a defendant to a claim.  Ross also may <u>not</u> evade these requirements by including multiple claims in a part of the complaint form reserved for one count.

Although Ross's failure to comply with Rule 8 makes it difficult to determine just how many of his claims are improperly joined, it appears that there may be improper joinder here. Ross is advised that any third amended complaint must comply with these joinder rules and that this may require him to bring some of his claims in other actions.

### B.  Proper Defendants in § 1983 Suits

For each claim, Ross must allege facts sufficient to show that each specified defendant violated a specified constitutional right.  Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead facts that would be sufficient to show that each Government-official defendant, through the official's <u>own</u> individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Thus, a defendant may <u>not</u> be held liable merely because that defendant holds a particular job or has particular responsibilities under state law or because that defendant's employees, subordinates, co-workers, or contractors violated Ross's constitutional rights.

### III.    LEAVE TO AMEND

I grant Ross leave to file a third amended complaint <u>but not</u> in the form he proposed. Ross should file his third amended complaint on this court's approved prisoner civil-rights form,

and it must be entitled "Third Amended Complaint." The Third Amended Complaint must comply with the rules discussed above. Ross need not and should not include citations to or discussions about statutes or case law in the Third Amended Complaint.

If Ross chooses to file a third amended complaint curing the deficiencies outlined in this order, he must file his third amended complaint **by January 14, 2022**. If Ross does not file a third amended complaint curing the stated deficiencies by that date, this action will be subject to dismissal without further notice.

Ross shall <u>not</u> serve the third amended complaint. Under the PLRA, a prisoner's § 1983 complaint may not be served until screening is complete. Furthermore, under an agreement with the Attorney General's Office, the court itself will arrange for any service of a complaint in this action via its docket.

## IV.  CONCLUSION

I therefore order that the motion for leave to file the proposed Third Amended Complaint **(ECF No. 8) is granted in part** as to Ross's ability to file a third amended complaint but denied in all other respects. I do <u>not</u> grant Ross leave to file his proposed third amended complaint (ECF No. 8-1).

I further order that the Second Amended Complaint (ECF No. 6) is the operative complaint.

I further order that the Second Amended Complaint (ECF No. 6) is dismissed, with leave to file a third amended complaint that complies with the rules as set forth in this order.

I further order that if Ross chooses to file a third amended complaint curing the deficiencies of his second amended complaint as outlined in this order, Ross shall file the third amended complaint **by January 14, 2022**.

I further order the Clerk of the Court to send to Ross the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his second amended complaint (ECF No. 6). If Ross chooses to file a third amended complaint, he should use the approved form and he must write the words "Third Amended" above the words "Civil Rights Complaint" in the caption.

I further order that if Ross fails to file a third amended complaint **by January 14, 2022**, this action will be subject to dismissal and the case closed without further notice.

Dated: December 9, 2021

_____
U.S. District Judge