UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JESSE ARON ROSS,

          Plaintiff,

v.

BRIAN WILLIAMS, et al.,

          Defendants.

Case No. 2:21-cv-00630-APG-EJY

**REPORT AND RECOMMENDATION**
**Re: ECF No. 32**

      Pending before the Court is Plaintiff's Motion for Leave to File a Fourth Amended Complaint with excess pages.  ECF No. 32.  The Court has considered Plaintiff's Motion, Defendants' Limited Opposition (ECF No. 33), and Plaintiff's Reply (ECF No. 35).

      The dispute arising from the instant Motion centers on the length of Plaintiff's proposed Fourth Amended Complaint (sometimes the "FAC"), which is 60 pages long.  ECF No. 32-1.  In a prior Order issued by the Court, Plaintiff was reminded that he must follow the requirements established by Rules 8 and 10 of the Federal Rules of Civil Procedure relating to the form and substance of pleadings.  ECF No. 13 at 4-5.  At that time the Court noted the Second Amended Complaint was 78 pages long with Count 1 beginning on page 55.  *Id*. at 5.  The Court found that the length of the Second Amended Complaint failed to meet the requirements under Rules 8 and 10.  *Id*.  The Court granted Plaintiff leave to file a Third Amended Complaint, which Plaintiff did.  *Id*. at 6-7; ECF No. 14.

      Plaintiff's Third Amended Complaint is 45 pages long.  ECF No. 14.  When screening this filing, the Court stated: "It is clear in reviewing it that Ross undertook a serious effort to cure the deficiencies that I identified with his prior pleadings.  His allegations are much more clear, consistent, and connected.  He appears to have pleaded facts succinctly and avoided unnecessary and irrelevant information."  ECF No. 20 at 2.  The Court not only granted Plaintiff's request to file the excess pages that made up his Third Amended Complaint, but also allowed certain claims to proceed.  *Id*. at 21-22.

Presently, Plaintiff asks the Court to consider a 60 page Fourth Amended Complaint. The First Cause of Action starts on page 5, ends on page 34, and is 169 paragraphs long. ECF No. 32-1 at 5-34. Plaintiff contends "[t]he claims in the [FAC] span 2 years and involve multiple Defendants" (ECF No. 32 at 5); however, 60 pages defies Rule 8 requiring "a short and plain statement" of claims made in "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2) and (d)(2). The First Cause of Action, comprising 29 pages, is verbose, repetitive, and alleges events unrelated to Plaintiff's central complaint. Plaintiff also alleges concerns regarding living conditions allegedly suffered by other inmates, which he cannot do. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself.").

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File Fourth Amended Complaint with excess pages (ECF No. 32) be DENIED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be granted up to and including **November 7, 2022** to file a renewed Motion for Leave to File a Fourth Amended Complaint. The Motion for Leave must attach a proposed Fourth Amended Complaint that **must not exceed forty-five pages in length**.

IT IS FURTHER RECOMMENDED that Plaintiff's proposed Fourth Amended Complaint must comply with by Federal Rules of Civil Procedure 8 and 10 as described above as well as in the Court's Order found at ECF No. 13.

DATED this 5th day of October, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).