1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESSE ARON ROSS, | Case No.: 2:21-cv-00630-APG-EJY |
| Plaintiff | **Order Accepting Report and Recommendation and Granting, in part, Motion to File Fourth Amended Complaint** |
| v. | |
| BRIAN WILLIAMS, et al., | [ECF Nos. 32, 43] |
| Defendants | |

Plaintiff Jesse Ross moved for permission to file a Fourth Amended Complaint (4AC) that is 60 pages long. ECF No. 32.  Magistrate Judge Youchah recommends that I allow Ross to file a shorter (45-page) 4AC. ECF No. 43.  Ross objects to that recommendation. ECF No. 44.  I have conducted a de novo review of the issues in the Report and Recommendation, as required by 28 U.S.C. § 636(b)(1)(C) and Local Rule IB 3-2.[1]  Judge Youchah's Report and Recommendation sets forth the proper legal analysis and factual basis for the decision.  I adopt her recommendation that Ross's 4AC be limited to 45 pages.

Ross asserts that he added 15 pages of facts in his proposed 4AC to detail the current conditions at the prison. ECF No. 44 at 4.  But as I have pointed out to him in prior orders, he must be mindful of Federal Rule of Civil Procedure 8, which requires "a short plain statement of the claim" that is "simple, concise, and direct."  I acknowledge it can be difficult to balance completeness with conciseness.  I cannot and will not give Ross advice.  But because he is representing himself, and because he is trying in good faith to respond to my prior orders about pleading his claims, I offer the following suggestions on how to plead his 4AC more concisely.

---

[1] The defendants incorrectly assert that the standard of review is "clearly erroneous or contrary to law." ECF No. 46 at 2.  That standard, from 28 U.S.C. §636(b)(1)(A) and Local Rule IB 3-1, does not apply here, where Judge Youchah issued a recommendation rather than an order.

The list of defendants and statement of the nature of the case can be on one page.  To do so, he can omit the court's form page two and put it all on his current page 1-A.

Ross can summarize in a single page the grievance history about the sanitation issue, which takes up almost nine pages. ECF No. 32-1 at 10-18 (4AC pp. 8-16).  He does not need to plead the grievance process (paragraph 38) and should state only the important information about the grievance history (*e.g.*, grievance numbers, dates, responders, and a brief summary of what the grievance was about and how it was resolved).  He does not need to quote grievances, letters, or responses; those can be briefly summarized.

Ross can summarize in a single page the letters quoted on pages 26-29 of his 4AC (ECF No. 32-1 at 28-31).

Paragraphs 154 to 159, 166, 168, and 169 are duplicative and could be cut.  He also misnumbers some paragraphs, going from paragraph 159 on 4AC page 31 to paragraph 154 on page 32; that should be fixed.

Claim 3 appears new, and it is deficient as pleaded.  It also appears redundant of the supervisory liability allegations in Claim 1.

Some of the information in Claim 4 (First Amendment retaliation) is repetitive.  It likely could be shortened to 10 pages from its current 15 pages.  Ross does not need to replead what he alleges in Claim 1.

Ross's prayer for relief is too long at six pages.  He could fit that information into the space provided on the court's form page 6.  And he should not have a separate prayer for each claim.

Based on the foregoing, Ross should be able to state his claims within 45 pages.

I THEREFORE ORDER that Magistrate Judge Youchah's Report and Recommendation **(ECF No. 43) is accepted**. Plaintiff Jesse Ross's motion for leave to file a Fourth Amended Complaint **(ECF No. 32) is granted in part**. Ross may file a Fourth Amended Complaint, **limited to 45 pages, by December 9, 2022**. If he fails to do so, the case will proceed based upon his Third Amended Complaint (ECF No. 21).

DATED this 2nd day of November, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3